

NUMBER 13-06-00431-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM LONG, SR.,                                                   Appellant,

v.

BELINDA RYAN, MATAGORDA COUNTY
ABSTRACT AND TITLE COMPANY D/B/A
SOUTHWEST LAND TITLE, JOHN C. DAVIS,
STEVEN E. DAVIS, PROGRESSIVE COMMERCIAL
AQUATICS, INC., AND PROSPERITY BANK
AND DANIEL HAYES,                                                   Appellees.

On appeal from the 130th District Court of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

By five issues, appellant, William Long, Sr.,[1] acting pro se, challenges the trial

---

[1] Appellant's wife, Geraldine Long, was also a plaintiff in appellant's suit against appellees. However, appellant's amended notice of appeal names only himself as an appellant.

court's orders granting summary judgment in favor of appellees, Matagorda County Abstract and Title Company d/b/a Southwest Land Title ("Southwest"), Prosperity Bank ("the Bank"), Progressive Commercial Aquatics, Inc. ("Progressive"), John C. Davis, Steven E. Davis, Belinda Ryan, and Daniel E. Hayes. We affirm.

## I. Background

On October 25, 2005, appellant sued numerous defendants, including appellees, claiming title to certain property located in Matagorda County.[2] Appellant's petition asserted causes of action for conspiracy, fraud, and "aiding and abetting."[3] The present suit is at least the third proceeding in which appellant has asserted ownership of the same property based on the same allegations of fraud.

Appellant contends that he obtained an interest in the property in April 1995 by a quitclaim deed signed by G. Edward Leary, Commissioner of the Department of Financial Institutions for the State of Utah, in possession of Sentry Thrift Corporation, a Utah corporation. In January 2004, the trial court rejected appellant's claim, quieted title in favor of the heirs of Lillian Sawyer, and found that appellant had no interest in the property.[4] No party appealed from that judgment.

In September 2003, appellant filed another suit, suing five of the same defendants that he sued in the present case, asserting ownership of the same property based on the

---

[2] Appellant's suit was filed as trial court cause number 05-E-0617-C, styled *William Long and Geraldine Long v. John Carroll Boudreaux, et al.*, in the 130th District Court of Matagorda County. After the trial court granted summary judgment in favor of appellees, it severed the claims against appellees into cause number 05-E-0617-CA.

[3] *See Juhl v. Airington*, 936 S.W.2d 640, 643-44 (Tex. 1996).

[4] Trial court cause number T14,490, *Matagorda County, et al. v. William F. A. Long, Sr., et al.*, in the 130th District Court of Matagorda County.

same allegations of fraud.[5] In that suit, the trial court struck appellant's pleadings and held that his claims were barred by the doctrine of res judicata because they had been finally determined in the 2004 judgment.

In the present case, appellant makes the same claims that he made in the previous proceedings: that he has a valid quitclaim deed to the property, based on his allegations that appellees defrauded him and the trial court by manufacturing fraudulent documents regarding title to the property. Specifically, appellant alleges that a 1978 quitclaim deed from Sentry Thrift to Lillian Clark was issued after Sentry Thrift was liquidated. Appellant contends that the doctrine of res judicata is inapplicable to the present case because he "could not have raised the fraud in T14,490" because "the fraud did not become such a fact until April 25, 2006."[6]

Progressive is the current owner of the property. The Bank has a Deed of Trust lien on the property granted to it by Progressive. Another appellee, Southwest, handled the real estate transaction between the sellers of the property[7] and Progressive, the buyer. An affidavit of Fred H. Law, manager of Southwest, states that not long after the closing, around September 2004, appellant came to Southwest's office complaining of the transaction and threatening to sue everyone involved in the transaction.

---

[5] Trial court cause number 03-E-0569-C, in the 130th District Court of Matagorda County. We have today disposed of the appeal in that related cause. *See William Long, Sr. v. the Estate of Lillian Sawyer, et al.,* No. 13-06-395-CV, 2009 Tex. App. LEXIS __, at *__ (Tex. App.–Corpus Christi Sept. 24th, 2009, no pet. h.).

[6] In support of this assertion, appellant cites the answer of defendant Jesse J. Maynard. Maynard's answer states that he was the majority stockholder of Sentry Finance in 1978, and was the only officer of the corporation from the time that it was placed in receivership until its charter was canceled in 1982. Despite appellant's repeated assertions that "co-defendant's [sic] have confessed to the manufacturing of the fraudulent documents" (citing Maynard's answer), the answer contains no confession of any wrongdoing.

[7] The sellers of the property were Elizabeth Carrie Clark, Belinda Ryan, Chet Mabry, Jim Mabry, and Lillian Anderson.

3

Each appellee filed an answer, asserting various defenses, including the affirmative defenses of res judicata and collateral estoppel. Each appellee also filed a traditional motion for summary judgment, asserting that appellant's claims are barred by res judicata and collateral estoppel. In addition, Southwest's motion for summary judgment asserted that appellant had "no evidence" supporting his claims of conspiracy, fraud, trespass, negligence, and aiding and abetting fraud.

On June 30, 2006, appellant filed a traditional motion for summary judgment, asserting that appellees are not entitled to the affirmative defense of res judicata because "res judicata may not be invoked to sustain fraud."

In separate orders, the trial court granted the appellees' motions for summary judgment without stating the grounds. Thereafter, the appellees filed separate motions for severance, which the trial court granted on April 6, 2007.

## II. Standard of Review and Applicable Law

Here, appellant and the appellees filed "traditional" motions for summary judgment.[8] We review the trial court's grant of summary judgment de novo.[9] When, as here, both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the reviewing court considers the summary-judgment evidence presented by both sides, determines all questions presented, and if it determines the trial court erred, renders the judgment the trial court should have rendered.[10]

When the trial court does not specify the basis for its ruling, it is the appellant's

---

[8] *See* TEX. R. CIV. P. 166a(c).

[9] *Joe v. Two Thirty Nine J. V.*, 145 S.W.3d 150, 156-57 (Tex. 2004); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.).

[10] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

4

burden on appeal to show that none of the independent grounds that were asserted in support of summary judgment is sufficient to support the judgment.[11]  Thus, when the trial court's order granting summary judgment does not specify the grounds on which it was granted, we will affirm the summary judgment if any of the advanced theories support the judgment.[12]

Summary judgment may be obtained on a plea of res judicata.[13]  A movant asserting the defense of res judicata has the burden of presenting sufficient evidence, including judgments and pleadings from the prior suit, to establish that the defense applies.[14]  To prevail, therefore, the movant must produce summary judgment evidence, including verified or certified copies of the judgment and pleadings that establish the applicability of the doctrine.[15]

The doctrine of res judicata, or claim preclusion, bars a second action by parties and their privies on matters actually litigated in a previous suit, as well as claims "'which, through the exercise of diligence, could have been litigated in a prior suit.'"[16]  For res judicata to apply, there must be:  (1) a prior final judgment on the merits by a court of

---

[11] *Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 562-63 (Tex. App.–Dallas 2007, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

[12] *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005) (citing *Provident Life Ins. Co. v. Knott*, 128 S.W.3d 211, 216  (Tex. 2003)); *Coffey*, 223 S.W.3d at 563.

[13] *See Jones v. Nightingale*, 900 S.W.2d 87, 88 (Tex. App.–San Antonio 1995, writ ref'd) (citing *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex. App.–Corpus Christi 1991, no writ)).

[14] *Id.*

[15] *Id.* at 88-89.

[16] *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2007) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992))).

competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.[17]  The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.[18]

"When asserted against a party who was actually a party in the first action, the doctrine of collateral estoppel bars relitigation of fact issues that were fully and fairly litigated and that were essential to the prior judgment."[19]  Because appellant was actually a party in T14,490, collateral estoppel will bar appellant's fact issues as to the appellees in this case if (1) the fact issues underlying his claims were fully and fairly litigated in T14,490, (2) those factual findings were essential to the T14,490 judgment, and (3) the issues decided in T14,490 are identical to those in the pending action.[20]

"A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure."[21]

### III.  Discussion

We begin by addressing each appellee's motion for summary judgment and supporting evidence.

---

[17] *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

[18] *Id.*

[19] *State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001).

[20] *See id.*

[21] *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.).

6

## A. Southwest's Motion for Summary Judgment

Southwest moved for summary judgment on its affirmative defenses of res judicata, collateral estoppel, laches, estoppel, statute of limitations, and no duty. Southwest's summary judgment evidence consisted of the following: (1) a certified copy of the judgment in T14, 490; (2) the affidavit of B. Allen Cumbie, Southwest's counsel, stating that appellant received Southwest's request for admissions, but did not respond, and that as a result, the request for admissions is deemed admitted; (3) the affidavit of Fred Law, Southwest's manager, stating that Southwest closed the sales transaction between the sellers of the property and Progressive, and that Southwest had no duty to appellant as he was not involved in the closing; and (4) Southwest's request for admissions to appellant that were not responded to.[22] Among other things, the judgment in T14,490 (1) awards title to the property to "Elizabeth Clark (50%), Belinda Ryan (12.5%), Chet Mabry (12.5%), Lillian Anderson (12.5%), and Jim Mabry (12.5%)"; and (2) states that "William F. A. Long, Sr. is divested of all title" to the property. We conclude that Southwest has established: (1) a prior final judgment on the merits of the ownership of the property in T14,490; (2) appellant was a party in T14,490; and (3) appellant's claims in the present case were finally determined in T14,490. Accordingly, Southwest established its affirmative defense of res judicata, and the trial court did not err in granting summary judgment in its favor.

## B. Progressive and the Bank's Motion for Summary Judgment

In their motion for summary judgment, Progressive and the Bank asserted the defenses of res judicata, collateral estoppel, and that the present suit constitutes a collateral attack.

---

[22] *See* TEX. R. CIV. P. 198.2(c).

7

Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts.[23] A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against.[24] Only a void judgment may be collaterally attacked.[25] A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act."[26]

In support of their motion for summary judgment, Progressive and the Bank offered the following summary judgment evidence: (1) a copy of the judgment in T14,490; (2) a copy of "Cross-Plaintiff's Original Petition" in T14,490, by which appellant was a cross-defendant; (3) appellant's answer to Cross-Plaintiff's petition in T14,490; (4) the reporter's record of the January 2004 trial in T14,490; (5) a copy of appellant's September 26, 2002 plea of guilty to bank fraud in federal court; (6) a copy of the judgment in the same bank fraud case in federal court; (7) appellant's original petition in the present case; (8) the reporter's record of the February 16, 2005 sanctions hearing in trial court cause number 03-E-0569-C, in the 130th District Court; (9) the order granting the defendants' motion for sanctions in cause number 03-E-0569-C; (10) a copy of the September 2, 2004 warranty deed from the sellers (Elizabeth Carrie Clark, Lillian Anderson, Chet Mabry, Jim Mabry,

---

[23] *Browning*, 165 S.W.3d at 345.

[24] *Id.* at 346.

[25] *Id.*

[26] *Id.* (citing *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)).

and Belinda Ryan) to Progressive; and (11) a deed of trust and security agreement on the property executed by Progressive in favor of the Bank.

We conclude that Progressive and the Bank established (1) a prior final judgment on the merits of the ownership of the property in T14,490; (2) appellant was a party in T14,490; and (3) appellant's claims in the present case were finally determined in T14,490. Accordingly, Progressive and the Bank established their affirmative defense of res judicata, and the trial court did not err in granting summary judgment in their favor.

### C. Daniel E. Hayes's Motion for Summary Judgment

In his motion for summary judgment, Hayes asserted the affirmative defenses of res judicata and collateral estoppel. In support, Hayes submitted the following evidence: (1) the final judgment in T14,490; (2) the February 16, 2005 order granting sanctions in cause number 03-E-569-C; and (3) appellant's "Motion for Judicial Review of Documentation and Instruments that Purported to Create a Lien and a Claim," filed April 21, 2006 in yet another lawsuit, trial court cause number 06-H-0246-C, in which he again asserts that certain documents are "fraudulent." Hayes's motion also adopted and incorporated by reference the motion for summary judgment filed by Progressive and the Bank.

We have already determined that the motion filed by Progressive and the Bank established the defense of res judicata. Accordingly, we hold that the trial court did not err in granting summary judgment in Hayes's favor.

### D. Motion for Summary Judgment of John C. Davis and Steven E. Davis

In their motion for summary judgment, the Davis appellees asserted the affirmative defenses of res judicata and collateral estoppel. Like Hayes, the Davis appellees adopted and incorporated by reference the motion for summary judgment filed by Progressive and

9

the Bank.  Accordingly, we conclude that the Davis appellees have established their affirmative defense of res judicata, and the trial court did not err in granting summary judgment in their favor.

## E.  Ryan's Motion for Summary Judgment

In her motion for summary judgment, Belinda Ryan asserted the defenses of res judicata, collateral estoppel, and claim preclusion pursuant to the property code.[27]  Ryan's motion adopts and incorporates by reference the motions filed by Progressive and the Bank, the Davis appellees, and the other appellees.  We conclude Ryan established the affirmative defense of res judicata, and the trial court did not err in granting summary judgment in her favor.

## F.  Appellant's Issues

We next address appellant's arguments as outlined in his brief.

### 1.  Constitutionality of Summary Judgment Procedures

In his first issue, appellant argues that the summary judgment procedure violates the Texas and United States Constitutions because it deprives him of the right to trial by jury.[28]  Appellant failed to make this argument in response to any of the appellees' motions for summary judgment, and has therefore waived it on appeal.[29]  We overrule appellant's

---

[27] *See* TEX. PROP. CODE ANN. § 22.003 (Vernon 2000) ("A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated.").

[28] *See* U.S. CONST. amend. VII; TEX. CONST. art. I, § 15, V, § 10.

[29] *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").  The only responses by appellant in the record before us are (1) appellant's Motion for Summary Judgment and Response to Motions for Summary Judgment filed by Ryan, Progressive, and the Bank; and (2) his response to the Davis appellees' Motion for Summary Judgment.  Neither contains any argument regarding the constitutionality of the summary judgment procedure.

10

first issue.

## 2. Applicability of Res Judicata

By his second issue, appellant argues that res judicata does not apply in circumstances where "after[-]discovered fraud" is found. Appellant argues it was impossible for him to raise fraud earlier because "the facts of the fraud did not become such a fact until April 25, 2006." In support of this assertion, appellant cites the answer of Jesse Maynard. As noted earlier, Maynard's answer does not constitute any "confession" of any wrongdoing and does not establish fraud. Many of the documents referenced in appellant's brief are to documents contained in the appendices to appellant's brief, and therefore, are not included in the record. With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record.[30] The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered.[31]

Although difficult to decipher, appellant's remaining arguments regarding this issue all center on his allegations of fraudulent documents and fraudulent conduct. Appellant asserts that the judgments in cause numbers T14,490 and 05-E-0617-C (the present suit, before the severance) are "void and voidable," and that in those causes, the court "had no jurisdiction over the fraudulent documents." He also argues that the full faith and credit clause of the United States Constitution somehow compels recognition of his quitclaim deed. Again, none of these arguments were raised in any written answer or response by

---

[30] *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

[31] *Id.* at 293.

11

appellant to the trial court, and are therefore waived on appeal.[32]  Appellant has failed to establish that the doctrine of res judicata is inapplicable.  We overrule appellant's second issue.

### 3. Severance

By his third issue, appellant complains that the trial court erred in severing his claims against appellees "because the facts and issues as to the Conspiracy, Fraud and Aiding and Abetting are interwoven with the res judicata and collateral estoppel."  We disagree.  A trial court's decision to grant a severance will not be reversed unless the trial court is found to have abused its discretion.[33]  "Where summary judgment in favor of a single defendant is proper in a case with multiple defendants, severance of that claim is also proper so that it may be appealed."[34]  Having upheld the trial court's summary judgments in favor of appellees, we hold the trial court did not abuse its discretion by severing appellant's claims against appellees.  We overrule appellant's third issue.

### 4. No Record of Summary Judgment Hearing

By his fourth issue, appellant contends the trial court erred because no record was made of the hearing on the motions for summary judgment.  We disagree.  The Texas Supreme Court has held that a reporter's record is neither necessary nor appropriate for a summary judgment hearing.[35]  We overrule appellant's fourth issue.

### 5. Proper Summary Judgment Standard

---

[32] *See* TEX. R. CIV. P. 166a(c).

[33] *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

[34] *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 812 (Tex. App.–Austin 1997, no pet.).

[35] *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 n.141 (Tex. 2004).

12

By his fifth issue, appellant appears to contend that the trial court failed to apply the proper standard of review to appellees' motions for summary judgment because he brought forth evidence raising genuine issues of material fact. Again, we disagree. Appellees had the burden of presenting sufficient evidence to establish the affirmative defense of res judicata.[36] We have held that each appellee did so. We overrule appellant's fifth issue.

## IV. Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgments in favor of each appellee. All pending motions are dismissed as moot.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 24th day of September, 2009.

---

[36] *See Jones*, 900 S.W.2d at 88.